02-10-137-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00137-CR

 

 


 
 
 Donald Austin Martin
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
355th District Court OF Hood COUNTY

------------

MEMORANDUM
OPINION[1]

------------

          A jury convicted Appellant Donald
Austin Martin of possessing with intent to deliver more than four but less than
two hundred grams of methamphetamine and possessing more than four ounces but
less than five pounds of marijuana.  See Tex. Health & Safety Code Ann. §§ 481.112(a),
(d), 481.121(a), (b)(3) (Vernon 2010).  The jury assessed Martin’s punishment at
fifty years’ confinement and a $10,000 fine for the methamphetamine offense and
twenty-four months’ confinement and a $10,000 fine for the marijuana offense.  The trial court sentenced him accordingly.

          Martin’s court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of
that motion.  In the brief, counsel avers
that, in his professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet the
requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  386 U.S. 738,
87 S. Ct. 1396 (1967).  This
court informed Martin that he may file a pro se brief, and he has done so.[2]  Martin has also filed a “Motion to Suspend a
Rule,” a “Motion for Leave to File a Reply Brief,” and a “Motion for a [Bledsoe]
Hearing to Excuse Appellate Counsel Ottaway and
Appoint New Counsel.”  The State declined
to submit a brief in response to the Anders
brief.

          Once an appellant’s court-appointed
attorney files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d
920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel’s motion to
withdraw.  See Penson
v. Ohio, 488 U.S. 75,
82–83, 109 S. Ct. 346, 351 (1988).

          We have carefully reviewed the record,
counsel’s brief, and each of the issues raised by Martin in his pro se
brief.  We agree with counsel that this
appeal is wholly frivolous and without merit; we find nothing in the record
that might arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see also Meza
v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim.
App. 2006).  Accordingly, we grant
counsel’s motion to withdraw, deny as moot Martin’s “Motion to Suspend a Rule”
and “Motion for Leave to File a Reply Brief,” deny Martin’s “Motion for a [Bledsoe]
Hearing to Excuse Appellate Counsel Ottaway and
Appoint New Counsel,” and affirm the trial court’s judgments.

 

 

BILL MEIER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 2, 2010











[1]See Tex. R. App. P. 47.4.





[2]Martin
raises two issues of ineffective assistance of counsel and two issues
challenging the enhancement allegations.